# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANE DOE ONE AND TWO,

        Plaintiffs,

v.

VENIAMIN GONIKMAN, ALEKSANDR MAKSIMENKO,
MIKHAIL ARONOV, and BFC MANAGEMENT COMPANY
d/b/a ACE OF SPADES GENTLEMAN'S CLUB
f/d/b/a CHEETAH'S ON THE STRIP,

        Defendants.

Case No. 13-14057
Hon.: Marianne O. Battani
Magistrate: Paul J. Komives

=======================================================================

## DEFENDANT BFC MANAGEMENT'S ANSWER
## TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

NOW COMES the Defendant BFC Management by and through its attorneys, the **Law Offices of Mark A. Hypnar, P.C.** and for the reasons set forth in the attached brief respectfully request that this Court either: (a) defer its decision on this motion until such time as the so called "Beauty Search Partner" Defendants have had the opportunity to appear though counsel and file responsive pleadings to the Complaint and this Motion, or, if the Court elects not to do so, (b) deny the Plaintiff's Motion to Proceed under Pseudonyms and/or consider more appropriate and fair relief, balancing the interest of all parties.

Respectfully Submitted,

**Law Offices of Mark A. Hypnar, P.C.**

By: /S/ Mark A. Hypnar (P32026)
P.O. Box 512
Bloomfield Hills, M. 48303
(248) 214-6644
mahypnar@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE ONE AND TWO,

    Plaintiffs,

v.

VENIAMIN GONIKMAN, ALEKSANDR MAKSIMENKO,
MIKHAIL ARONOV, and BFC MANAGEMENT COMPANY
d/b/a ACE OF SPADES GENTLEMAN'S CLUB
f/d/b/a CHEETAH'S ON THE STRIP,

    Defendants.

Case No. 13-14057
Hon.: Marianne O. Battani
Magistrate: Paul J. Komives

================================================================

## DEFENDANT BFC MANAGEMENT'S BRIEF IN OPPOSITION

## TO MOTION TO PROCEED UNDER PSEUDONYMS

# STATEMENT OF ISSUES PRESENTED

I. Whether this Court, in the exercise of its discretion, after considering and balancing the competing interests and arguments of the parties, should allow the Plaintiffs, Jane Doe One and Jane Doe Two to proceed anonymously, through the use of pseudonyms?

   Defendant answers: No.

II. Whether this Court should consider, and/or fashion, other appropriate relief in order to balance the competing interests and arguments of the parties?

   Defendant answers: Yes.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

In support of its Answer in Opposition to the Plaintiff's Motion to Proceed under Pseudonyms, Defendant BFC Management relies upon *Doe v Porter*, 370 F.3d 558 (2004), *Doe v Provident Life & Accident Ins Co.*, 176 F.R.D. 464 (E.D. Pa. 1917), *Doe v Shakue*, 164 F.R.D. 359 @ 361), *EW v New York Blood Center*, 213 F.R.D. 108 (2003), *James v Jacobson*, 6 F.3d 233@ 238 (1998), *Qualls v Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005) and the additional authorities and arguments set for in its Brief.

(ii)

## TABLE OF CONTENTS

| | |
|---|---|
| STATEMENT OF ISSUES PRESENTED ............................................................... | (i) |
| STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY ................. | (ii) |
| TABLE OF CONTENTS ........................................................................................ | (iii) |
| INDEX OF AUTHORITIES .................................................................................... | (iv) |
| INTRODUCTION ................................................................................................. | 1 |
| FACTS ................................................................................................................ | 2 |
| ARGUMENT ....................................................................................................... | 2 |
| CONCLUSION .................................................................................................... | 6 |

# INDEX OF AUTHORITIES

## CASES

*Daly v Fed. Bureau of Prisons, Fed. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 66450 (D.Colo. July 21, 2009) .................................................................................. 2

*Doe v Hallock*, 119 F.R.D 640, 642 (S.D. Miss. 1987).................................................... 4

*Doe v Porter*, 370 F.3d 558 (2004) ................................................................................ 2

*Doe v Provident Life & Accident Ins Co.*, 176 F.R.D. 464 (E.D. Pa. 1917) ................. 3

*Doe v Shakue*, 164 F.R.D. 359 @ 361) ......................................................................... 3

*Does I thru XXIII v Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ... 5

*EW v New York Blood Center*, 213 F.R.D. 108 (2003) ................................................ 3

*Femedeer v Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ............................................ 5

*James v Jacobson*, 6 F.3d 233 @ 238 (1998) ............................................................ 3,4

*Qualls v Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005) ..................................................... 4

*Rowe v New York*, 49 F.R.D. 279, 281 (S.D.N.Y. 1970)) ........................................... 3,4

*S. Methodist Univ. Ass'n of Women Law Students v Wayne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ........................................................................................... 5

*Sealed Plaintiffs v Sealed Defendants*, 537 f.3d 185, 189 (2d Cir. 2008) ................. 3

*United States v Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) .................................... 4

## STATUTES

N/A

## COURT RULES

Fed.R.Civ.P. 10(a) ............................................................................................................ 3

Fed.R.Civ.P. 17(a) .................................................................................................... 3

Fed.R.Civ.P. 26(c) .................................................................................................... 5

## INTRODUCTION

Defendant BFC management filed its Answer to Plaintiffs' Complaint on November 22, 2013. It did not appreciate the fact that the Plaintiff's had not yet been granted an Order to Proceed under Psuedonyms. That realization came to fruition on November 26, 2013 when counsel for BFC Management received, via ECF, that this motion is set for a telephonic hearing on December 3, 2013 @ 3: 00 p.m.

Under these circumstances, and the fact that the ability to prepare a response has been truncated because of the Thanksgiving Holiday, BFC Management recognizes that under LR 7.1(e)(2) this response may be deemed untimely. BFC requests that its response be considered and has no objection if the telephonic hearing is adjourned to allow opposing counsel to reply to this answer, if need be.

## FACTS

The Plaintiffs' Complaint in this action consists of 37 pages of a plethora of allegations of "fact" and allegations in support of their theories of "liability".

As to the allegations of "fact" pertaining to Jane Doe One & Jane Doe Two, it is impossible for this Defendant to make any meaningful response or comment since their identities are concealed. While their true identities, based on the allegations made, may be clear to Defendants Gonikman, Aronov and Maksimenko, (the so called "Beauty Search Partners") who were convicted, as reflected in pleadings and records on file in the U.S. District Court, Case: CR-05-8017-VAR-LJM, their identity and the veracity or accuracy of their factual allegations are unknown to this Defendant.

As to the allegations as to "liability" Plaintiff's assert generally, that they were "victims

1

of sex and labor trafficking", "involuntary servitude" and "forced labor" (¶ 1). In support of those general allegations the Plaintiff's claim that, at the hands of the Beauty Search Partners they were: "recruited", "enticed", "transported", "enslaved", "harbored", "isolated", "restricted in their movement", "exploited" "physically, mentally and sexually abused", and otherwise subjected to "threats" and "tools of coercion" (¶¶s 3, 20, 21, 32, 33 & 48). The Plaintiff's further allege that their "earnings", as well as their "passports", "identification" and "other immigration documents" were confiscated (¶¶s 20, 21).

What is important for this Court to understand, however, is that NONE of the aforementioned allegations pertain to Defendant BFC Management.

## ARGUMENT

**I. While Defendant BFC Management recognizes that this Court, as part of its inherent powers and discretionary authority, is permitted to allow a Plaintiff to proceed anonymously under pseudonyms, it is fundamentally unfair to allow the Plaintiffs in this case to do so because: (a) it would violate Fed.R.Civ. P. 10(a) & 17(a); (b) it would infringe on the First Amendment right to public access to the Court; (c) the use of pseudonyms, generally, and in civil cases in particular, are rare, and unusual; (d) by Plaintiffs' own admission their identity is already known; (e) it is difficult to justify reputational harm to the Defendant while shielding the Plaintiffs from reputational harm through the use of pseudonyms; and (f) the threat of retaliation or other legal harm is unsupported and speculative.**

Defendant BFC recognizes that in the case of ***Doe v Porter***, 370 F.3d 558 (2004) the Sixth Circuit Court of Appeals articulated a variety of consideration to determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings, These include:

(1) whether the plaintiff seeking anonymity is suing to challenge governmental action;
(2) whether prosecution of the suit will compel the plaintiffs to disclose information "of utmost intimacy";
(3) whether the litigation compels plaintiffs to disclose an intention to violate

    the law, thereby risking criminal prosecution; and
    (4) whether the plaintiffs are children.

In addition to these considerations, as pointed out in *EW v New York Blood Center*, 213 F.R.D. 108 (2003), other considerations have been used which include:

    (5) whether identification would put the plaintiff at risk of suffering physical or mental injury (See *James v Jacobson*, 6 F.3d 233@ 238 (1998); *Doe v Shakue*, 164 F.R.D. 359 @ 361);
    (6) the prejudice to the Defendant by allowing the plaintiff to proceed anonymously (See *James v Jacobson*, supra); and
    (7) the public interest in guaranteeing open access to proceedings (*See Doe v Provident Life & Accident Ins Co.*, 176 F.R.D. 464 (E.D. Pa. 1997).

In considering and weighing all of these factors, Defendant submits that the Plaintiffs motion should be denied for the reasons stated below.

### (a) Proceeding under a pseudonym would violate Fed.R.Civ. P. 10(a) & 17(a).

Fed.R.Civ.P. 10(a) requires that all pleadings must name the parties. Similarly, Fed.R.Civ.P. 17(a) requires that an action be prosecuted in the name of the real party in interest. By allowing the Plaintiffs to proceed via pseudonyms violates both of these rules (See *Rowe v New York*, 49 F.R.D. 279, 281 (S.D.N.Y. 1970)).

### (b) Proceeding under a pseudonym would infringe on the First Amendment right to public access to the Court.

The identity of a party has long been recognized as an important dimension of the "publicness" of a proceeding and people have the right to know who is using the courts (See *Sealed Plaintiffs v Sealed Defendants*, 537 F.3d 185, 189 (2d Cir. 2008).

In addition, infringing on the public's access to courts diminishes their ability to assess the merits of lawsuit and the quality of the court (See *Qualls v Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005).

3

### (c) Proceeding under a pseudonym is rare and unusual.

Among the factors for this court to consider is the frequency or rarity of action that proceed via pseudonyms. It has been stated that proceeding under pseudonyms is rare, **Roe v New York**, supra, and that the use of pseudonyms in civil cases is even more rare and unusual (See **Doe v Hallock**, 119 F.R.D 640, 642 (S.D. Miss. 1987), **Qualls v Rumsfeld**, supra and **James v Jacobson**, supra).

### (d) Proceeding under a pseudonym is unnecessary as the identity of the Plaintiffs is already known.

In this case the Plaintiffs have conceded in their Motion that their true identity is already known, although not disclosed in the pleadings in this case. Under these circumstances, courts have held that where the identity of a litigant is known, there is little reason or advantage to granting pseudonymity (See **Daly v Fed. Bureau of Prisons**, 2009 U.S. Dist., LEXIS 66450 (D. Colo. July 21, 2009); **United States v Stoterau**, 524 F.3d 988, 1013 (9th Cir. 2008).

### (e) Proceeding under a pseudonym could foster reputational harm to the Defendant while shielding the Plaintiffs.

BFC Management's first notice of the institution of these proceedings by way of a telephone call it received from a local news reporter, on or about September 24, 2013, who announced that the TV station intended to air an piece about the litigation that evening. In that broadcast, many of the allegations contained in the Complaint were uttered and the façade of the Defendant's establishment was panned over during the broadcast. The pre-trial publicity of that broadcast, not surprising cast the Defendant's establishment and its owners in a negative light that is damaging to it good name and reputation.

In stark contrast, the Plaintiffs' identity was not disclosed and there was no ability to

give a fair and balanced response to that broadcast. This type of disparate treatment of litigants has been disfavored (See *S. Methodist Univ. Ass'n of Women Law Students v Wayne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

### (f) Proceeding under a pseudonym is unnecessary as the threat of retaliation or other legal harm is unsupported and speculative.

Finally, Defendant BFC Management appreciates and recognizes that some courts have taken into account the risk of retaliation or other legal harm that a plaintiff could suffer by disclosing their true identity (See *Femedeer v Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000), *Does I thru XXIII v Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

In this case however, there is absolutely no proof, affidavits or other documentary evidence to support claims of retaliation or other legal harm that could justify, for example, a Protective Order under Fed.R.Civ.P 26(c). This court cannot ignore the fact that the Plaintiffs in this case have alleged that they "escaped" from the clutches of the Beauty Search Defendants in 2007, more than 6 years ago and, in at least the case of Jane Doe One has gone before Congress in 2007, to testify about the deplorable circumstances she was subjected to at the hands of the Beauty Search partners. In short, the claims of "retaliation" and "other legal harm" are speculative.

### CONCLUSION

For the reasons set forth in the arguments, brief and authorities presented, Defendant BFC Management requests that the Plaintiffs' Motion to Proceed under Pseudonyms be denied and that other relief be considered as may be appropriate.

5

Respectfully Submitted,

**Law Offices of Mark A. Hypnar, P.C.**

By: /S/ Mark A. Hypnar (P32026)
P.O. Box 512
Bloomfield Hills, M. 48303
(248) 214-6644
mahypnar@aol.com

Dated: December 2, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that the following document(s) were served in the manner specified below:

| | |
|---|---|
| **DOCUMENTS:** | Defendant BFC's Answer to Plaintiff's Motion to Proceed under Pseudonyms |
| **DATE OF SERVICE:** | December 2, 2013 |
| **PERSON(S) SERVED:** | The Court and Counsel of Record |
| **MANNER OF SERVICE:** | Via Federal ECF e-Filing System |

By: /s/ Mark A. Hypnar
Mark A. Hypnar

6